John J. Edmonds (State Bar No. 274200)
jedmonds@ip-lit.com
**COLLINS EDMONDS**
**COLLINS, EDMONDS & SCHLATHER, PLLC**
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 973-7846
Facsimile: (213) 835-6996

Attorneys for Plaintiff,
CELLSPIN SOFT INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>JK IMAGING LTD.,<br><br>  Defendants. | Case No. 4:17-cv-06881-YGR<br><br>**AMENDED COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 9,258,698**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Honorable Yvonne G. Rogers |

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 9,258,698 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'698 patent" or "Patent-in-Suit").

## THE PARTIES

2. Plaintiff, Cellspin Soft, Inc. ("Cellspin"), is a California corporation with an office and place business at 1410 Mercy Street, Mountain View, California 94041.

3. Upon information and belief, Defendant, JK Imaging Ltd. ("JK Imaging"), is a corporation organized and existing under the laws of the State of California, with its principal place of business at 17239 S Main St, Gardena, CA 90248. JK Imaging can be served with process through its registered agent Mike Feng at 17239 S Main St, Gardena, CA 90248.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, and 284. This Court has subject matter jurisdiction over this case for patent infringement, including pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Plaintiff is the assignee of the Patent-in-Suit with all right, title and interest to bring the claims herein comprising those for past and present infringement, including to recover damages therefor.

6. The Court has personal jurisdiction over JK Imaging, including because JK Imaging has minimum contacts within the State of California; JK Imaging has purposefully availed itself of the privileges of conducting business in the State of California; JK Imaging regularly conducts business within the State of California; and Plaintiff's cause of action arises directly from JK Imaging's business contacts and other activities in the State of California, including at least by virtue of JK Imaging's infringing methods and products, which are at least practiced, made, used, offered for sale, and sold in the State of California. JK Imaging is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the California Long Arm Statute, due at least to its continuous and systematic business contacts in California. Further, on information and belief, JK Imaging is subject to the Court's specific jurisdiction, including because JK Imaging has committed patent infringement in the State of California, including as detailed herein. In addition, JK Imaging induces infringement of the Patent-in-Suit by customers and/or infringing users located in California. Further, on information and belief, JK Imaging regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to persons and/or entities in California.

7. Upon information and belief, Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b), including in view of JK Imaging's established place(s) of business and that it resides in California, and at least some of its infringement of the Patents-in-Suit occurs in this District and in California.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,258,698**

8. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

9. U.S. Patent No. 9,258,698 was duly and legally issued by the USPTO on February 9, 2016 after full and fair examination.

10. Claims of the '698 Patent comprise, generally, methods, devices, systems, and computer-readable media comprising digital camera devices having a short-range wireless capability to connect with a cellular phone; acquiring new-media after establishing a secure wireless connection between the camera and the cellular phone; creating a new-media file using the new-media; receiving a data transfer request for the new-media file initiated by a mobile software application on the cellular phone over the wireless connection after storing the created new-media file in memory of the camera; and transferring the new-media file to be stored on the cellular phone, over the wireless connection, wherein the cellular phone is configured to use HTTP to upload the received new-media file along with user information to a user media publishing website.

11. JK Imaging has infringed, and is now infringing, the '698 patent, including at least claims 1, 3, 4, 5, 7, 8, 10, 11, 12, 13, 15, 16, 17, 18, 19, and 20, in this judicial district, the State of California, and elsewhere, in violation of 35 U.S.C. § 271 through actions comprising the making, using, offering for sale, and/or selling, without authority from Plaintiff, devices, systems, and/or computer-readable media for enabling connection between data capture devices and other wireless devices, such as a cellular phone, acquiring new data on the data capture device, and transferring the data from JK Imaging data capture devices to web servers via wireless mobile devices as a brand licensor using the Kodak brand. On information and belief, JK Imaging practices, and/or induces others to practice, the claimed methods, and/or makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed devices, systems, and computer-readable media, including camera and other media devices, including DSLR cameras, point-and-click cameras, digital cameras, and other digital media devices as a brand licensor using the Kodak brand, designed to capture digital media, *e.g.*, images, photographs, audio, video, etc., including related data such as GPS coordinates, timestamp,

etc., as specified herein, comprising wireless functionality, with such products comprising the 4KVR360, AZ251, AZ252, AZ361, AZ362, AZ365, AZ401, AZ421, AZ422, AZ501, AZ521, AZ522, AZ525, AZ526, AZ651, FZ151, FZ152, FZ201, FZ41, FZ43, FZ51, FZ53, ORBIT360 4K, S-1, SL10, SL25, SL5, SP1, SP360, SP360 4K, SPZ1, and WP1, including when used in conjunction with JK Imaging mobile applications (including iOS and Android versions thereof) comprising PixPro SP360 4K, PixPro SP360, PixPro SP1, PixPro Remote View, and/or PixPro 360 VR Remote Viewer, including when used in conjunction with websites comprising media publishing sites, such as social media websites.

12. Without limitation, the accused JK Imaging devices, including software which practices said methods, support wireless protocols, including short-range wireless protocols, including wireless networking or Wi-Fi protocols, comprising transferring data from digital camera devices to websites via applications on cellular phones, including via its cameras and other media devices. The accused JK Imaging devices, systems, computer-readable media, and methods comprise the capability to establish a secure wireless connection with a cellular phone. Once the connection between the JK Imaging device and the cellular phone is established, the JK Imaging devices acquire new-media (*e.g.*, photos, audio, and/or videos, and related data), create a new-media file using the acquired new-media, and transfer the new-media file to the cellular phone in response to receiving a data transfer request for the new-media file initiated by the JK Imaging application on the cellular phone, over the established wireless connection, after storing the created new-media file in the memory of the JK Imaging device. The JK Imaging devices transfer the new-media file to the cellular phone so that it is stored, over the established wireless connection, wherein the cellular phone is configured to use HTTP to upload the received new-media file, along with the user's account information, to a media publishing website for the user, including social media, news, database, or other websites. In addition, and in the alternative, to JK Imaging's making, offering for sale, and/or selling of the JK Imaging devices and applications, upon information and belief, at least through JK Imaging's hardware, software, and efforts to test, demonstrate, and otherwise use JK Imaging devices, JK Imaging has used the claimed devices, systems, and computer-

readable media via at least the use of the JK Imaging devices, comprising at least the foregoing steps.

13. For example, JK Imaging infringes at least exemplary Claim 1 of the '698 patent, which claims:

A machine-implemented method of media transfer, comprising:

for a digital camera device having a short-range wireless capability to connect with a cellular phone, wherein the cellular phone has access to the Internet, performing in the digital camera device:

establishing a short-range wireless connection between the digital camera device and the cellular phone, wherein establishing the short-range paired wireless connection comprises, the digital camera device cryptographically authenticating identity of the cellular phone;

acquiring new-media, wherein the new-media is acquired after establishing the short-range paired wireless connection between the digital camera device and the cellular phone;

creating a new-media file using the acquired new-media;

storing the created new-media file in a first non-volatile memory of the digital camera device;

receiving a data transfer request initiated by a mobile software application on a cellular phone, over the established short-range paired wireless connection, wherein the data transfer request is for the new-media file, and wherein the new-media file was created in the digital camera device before receiving the data transfer request; and

transferring the new-media file to the cellular phone, over the established short-range paired wireless connection, wherein the cellular phone is configured to receive the new-media file, wherein the cellular phone is configured to store the received new-media file in a non-volatile memory device of the cellular phone, wherein the cellular phone is configured to use HTTP to upload the received new-media

file along with user information to a user media publishing website, and wherein the cellular phone is configured to provide a graphical user interface (GUI) in the cellular phone, wherein the graphical user interface (GUI) is for the received new-media file and to delete the created new-media file

14. The JK Imaging Camera Infringing Instrumentalities comprise a machine-implemented method of media transfer comprising performance of the steps noted below by the JK Imaging Camera Infringing Instrumentality, including by the above JK Imaging digital camera devices and JK Imaging mobile software applications.

15. The JK Imaging Camera Infringing Instrumentalities comprise digital cameras, such as the accused JK Imaging cameras, with at least Wi-Fi wireless capability, which is a short range wireless capability. Such cameras are capable of connecting, including via Wi-Fi, to cellular phones, which have access to the Internet, including via the cellular network or other network. Almost all cellular phones have access to the Internet, and certainly the cellular phones that make use of JK Imaging's mobile applications, *e.g.*, PixPro SP360 4K, PixPro SP360, PixPro SP1, PixPro Remote View, and/or PixPro 360 VR Remote Viewer (collectively, "JK Imaging PixPro Applications"), have access to the Internet, including those of JK Imaging's customers and/or end-users.

16. With respect to the JK Imaging Camera Infringing Instrumentalities, in accordance with applicable Wi-Fi standards, including as noted below, the JK Imaging digital camera establishes the short-range paired wireless (*e.g.*, Wi-Fi) connection, including via the JK Imaging digital camera cryptographically authenticating the identity of the cellular phone, for example, via the cellular phone's MAC address and using the WPA2-PSK protocol, which comprises such cryptographic connections:

| Wi-Fi | Supported(802.11b/g/n) |
|---|---|

*See, e.g.,* Kodak PIXPRO SP360 User Manual at https://kodakpixpro.com/docs/manuals/actioncamera/sp360/sp360-manual-en.pdf

**Product Details**

**Kodak**

**Certification ID:** WFA54789
**Date of Last Certification:** 2014-06-03
**Brand:** JK Imaging Ltd.
**Product:** Digital Image Device
**Model Number:** PIXPRO SP360
**Category:** Still Camera
**Hardware Version:** PP(Pilot Production)
**Firmware Version:** 20140306 rev.19920
**Operating System:** Proprietary / Other:eCos
**Frequency Band(s):** 2.4 GHz

**Summary of Certifications**

| CLASSIFICATION | PROGRAM |
|---|---|
| Connectivity | Wi-Fi CERTIFIED™ b |
|  | Wi-Fi CERTIFIED™ g |
|  | **WPA2™ - Personal** |
|  | Wi-Fi CERTIFIED™ n |
| Optimization | WMM® |

. ¬*See, e.g.*, Wi-Fi Alliance Product Info on the Kodak PIXPRO SP360 found at https://www.wi-fi.org/product-finder-results?keywords=kodak+sp360&op=Search&form_build_id=form-w0RUbzS5pQ6Gjo1DfGlAHQm9UiedE_aWo0myx6SBVJ4&form_id=wifi_cert_api_simple_search_form. Without limitation, the exemplary WPA2-PSK security protocol cryptographically authenticates identity of the cellular phone, *e.g.*, using a MAC address, for encrypting communications between the infringing JK Imaging cameras and JK Imaging PixPro Applications over a Wi-Fi connection. *See, e.g.,* 802.11i-2004 Specification (WPA2) at https://standards.ieee.org/findstds/standard/802.11i-2004.html.

17. The JK Imaging Camera Infringing Instrumentalities acquire new-media (*e.g.*,

images/video), via the JK Imaging digital camera, after the short-range paired wireless (*e.g.*, Wi-Fi) connection is established between said the JK Imaging digital camera and cellular phone. Using the new-media, the JK Imaging Camera Infringing Instrumentalities create a new-media file via the JK Imaging digital camera.

18. The JK Imaging Camera Infringing Instrumentalities store these created new-media files (*e.g.*, images/video) in the non-volatile memory, *e.g.*, in their internal memory and/or inserted memory cards, of the JK Imaging digital cameras.

19. The JK Imaging Camera Infringing Instrumentalities receive data transfer requests for the new-media file (*e.g.*, images/video) at the JK Imaging digital cameras which are initiated by the JK Imaging mobile applications, for example, the JK Imaging PixPro Applications mobile application, which are installed on cellular phones.

20. With the JK Imaging Camera Accused Instrumentalities, such requests are received over the established (*e.g.*, already paired) short-range paired wireless (*e.g.*, Wi-Fi) connection.

21. With the JK Imaging Camera Accused Instrumentalities, new images are taken with the camera before it receives data transfer requests, for example, from a JK Imaging mobile application on a cellular phone.

22. The JK Imaging Camera Accused Instrumentalities transfer new-media files, *e.g.*, images, from the JK Imaging digital cameras to cellular phones, via the installed JK Imaging mobile applications, over established (*e.g.*, already paired) short-range paired wireless (*e.g.*, Wi-Fi) connections.

23. The JK Imaging Camera Infringing Instrumentalities comprise digital camera devices, such as the accused JK Imaging digital cameras, comprising Wi-Fi capability, which is a short range wireless capability. Such JK Imaging digital cameras are capable of connecting via Wi-Fi to cellular phones, *e.g.*, smart phones, including a cellular phone of JK Imaging's customers and/or end-users, which are configured to store, via the installed JK Imaging mobile application, the new-media files, *e.g.*, images/video, received via the installed JK Imaging mobile applications, in a non-volatile memory device of the cellular phone, *e.g.*, flash memory.

24. The JK Imaging Camera Infringing Instrumentalities comprise digital camera devices,

such as the accused JK Imaging digital cameras, comprising Wi-Fi capability, which is a short range wireless capability. Such JK Imaging digital cameras are capable of connecting via Wi-Fi to cellular phones, *e.g.*, smartphones, including a cellular phone of JK Imaging's customers and/or end-users, which are configured to use HTTP protocols to upload, via the installed JK Imaging mobile application, the new-media files, *e.g.*, images/video, received via the installed JK Imaging mobile application, along with user information, *e.g.*, user name, to a user media publishing website.

25. The JK Imaging Camera Infringing Instrumentalities comprise digital camera devices, such as the accused JK Imaging digital cameras, comprising Wi-Fi capability, which is a short range wireless capability. Such JK Imaging digital cameras are capable of connecting via Wi-Fi to cellular phones, *e.g.*, smartphones, including a cellular phone of JK Imaging's customers and/or end-users, which are configured to provide, via the installed JK Imaging mobile application, a graphical user interface (GUI) in the cellular phone, for example:



26. The JK Imaging Wi-Fi Camera Infringing Instrumentalities comprise digital camera devices, such as the accused JK Imaging digital cameras, comprising Wi-Fi capability, which is a short range wireless capability. Such JK Imaging digital cameras are capable of connecting via Wi-Fi to cellular phones, *e.g.*, smartphones, including a cellular phone of JK Imaging's

customers and/or end-users, which are configured to provide, via the installed JK Imaging mobile application, a graphical user interface (GUI) in the cellular phone, wherein the graphical user interface (GUI) is for the received new-media, *e.g.*, image/video, file and also to delete the created new-media file, including via the installed JK Imaging mobile application. For example:



27. On information and belief, JK Imaging was promptly notified of its infringement of the '698 patent once Cellspin notified Eastman Kodak Company, the former maker and seller of Kodak branded cameras, via letters mailed on June 15, 2017 and August 31, 2017, noting Kodak (and thus JK Imaging) infringes at least exemplary claim 1 of the '698 patent. Further, on information and belief, JK Imaging was promptly notified of its infringement of the '698 patent once Cellspin sued Eastman Kodak Company, the former maker and seller of Kodak branded cameras, on October 16, 2017 in Civil Action No. 3:17-cv-05940 (since dismissed in favor of such claims being brought instead against JK Imaging). JK Imaging was further notified of its infringement of the '698 patent via Cellspin's Original Complaint dated December 1, 2018 and served on December 18, 2018 (Docs. 1 & 18).

28. Additionally, or in the alternative, since receiving notice of the '698 patent, JK Imaging has induced, and continues to induce, infringement of the '698 Patent in this judicial district,

the State of California, and elsewhere, by intentionally inducing direct infringement of the '698 Patent, including by knowingly and actively aiding or abetting infringement by users, by and through at least instructing and encouraging the use of the JK Imaging products and software noted above. At a minimum, Plaintiff's Original Complaint filed on October 16, 2017 and served on October 31, 2017, notified JK Imaging that it has been infringing, and has been accused of infringing, the '698 patent. Such aiding and abetting by JK Imaging comprises providing devices, software, applications, including the above-noted JK Imaging mobile applications, *e.g.*, JK Imaging PixPro Applications, websites, manuals, and/or instructions, for example:





*see, e.g.,* Kodak PIXPRO SP360 User Manual at https://kodakpixpro.com/docs/manuals/actioncamera/sp360/sp360-manual-en.pdf, including regarding the use and/or operation of the JK Imaging devices and applications in an infringing manner, including providing instructions for connecting to a secured Wi-Fi connection with a

mobile device, and further including providing the accused JK Imaging devices and applications to users who, in turn, use the claimed devices, systems, and computer-readable media, including as noted above. Use of JK Imaging mobile applications, such as the JK Imaging PixPro Applications, including by JK Imaging's customers, for their customary and intended purpose, necessarily infringes the '698 patent. Thus, including by providing infringing cameras and JK Imaging mobile applications, such as the JK Imaging PixPro Applications, to users, JK Imaging intentionally induces infringement of the '698 patent by such users. Further, on information and belief, all of the Accused JK Imaging Camera Instrumentalities come with written user manuals, including with instructions for connecting Wi-Fi cameras to cellular phones via Wi-Fi and for uploading images to cellular phones for publication on the Internet, for example:



with said manuals containing, among other things, instructions for connecting Wi-Fi cameras to cellular phones via Wi-Fi, and for uploading images to cellular phones for publication on the Internet.

29. Further, on information and belief, JK Imaging provides user manuals for all of the Accused JK Imaging Camera Instrumentalities to its customers, including via its website at

https://kodakpixpro.com/Americas/support/downloads/. On information and belief, JK Imaging's infringement of the asserted claims of the '698 patent is clear, unmistakable, and inexcusable, and on information and belief, JK Imaging has specifically intended such infringement post-notice.

30. Such induced infringement has occurred since JK Imaging became aware of the '698 Patent, at a minimum, as noted above, and the knowledge and awareness that such actions and use by users comprise infringement of the '698 patent.

31. As noted above, at a minimum, Plaintiff's original Complaint filed on October 16, 2017 and served on October 31, 2017, notified JK Imaging that it has been infringing, and has been accused of infringing, the '698 patent. Nonetheless, JK Imaging has continued its infringing activities noted above in an infringing manner post-notice of the '698 patent, including at least exemplary claim 1. JK Imaging's infringement of the asserted claims of the '698 patent is clear, unmistakable, and inexcusable, and on information and belief, JK Imaging has been aware of such infringement post-notice. Such infringement is necessarily willful and deliberate. Plaintiff believes and contends that JK Imaging's intentional continuance of its clear, unmistakable, and inexcusable infringement of the '698 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

32. Including on account of the foregoing, Plaintiff contends such activities by JK Imaging qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff requests an award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

33. Each of JK Imaging's aforesaid activities have been without authority and/or license from Plaintiff.

## DAMAGES

34. By way of its infringing activities, JK Imaging has caused, and continues to cause, Plaintiff to suffer damages, and Plaintiff is entitled to recover from JK Imaging the damages sustained by Plaintiff as a result of JK Imaging's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs

as fixed by this Court under 35 U.S.C. § 284.

35. JK Imaging's infringement of Plaintiff's rights under the Patent-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

36. Plaintiff also requests that the Court make a finding that this is an exceptional case entitling Plaintiff to recover their attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgment in favor of Plaintiff and against JK Imaging, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit has been directly and/or indirectly infringed by JK Imaging;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for JK Imaging's past infringement, together with pre-judgment and post-judgment interest, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A grant of preliminary and permanent injunction pursuant to 35 U.S.C. § 283, enjoining JK Imaging and all persons, including its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation therewith, from making, using, offering to sell, or selling in the United States or importing into the United States any methods, systems, or computer readable media that directly or indirectly infringe any claim of the Patent-in-Suit, or any methods, systems, or computer readable media that are colorably different;

D. That this Court declare that JK Imaging's infringement has been, and continues to be, willful, including that JK Imaging acted to infringe the Patent-in-Suit despite an objectively high likelihood that its actions constituted infringement of a valid patent and, accordingly, award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284;

E.  That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F.  A judgment and order requiring JK Imaging to pay Plaintiff their damages, costs, expenses, fees, and prejudgment and post-judgment interest for JK Imaging's infringement of the Patent-in-Suit as provided under 35 U.S.C. §§ 284 and/or 285; and

G.  Any and all further relief for which Plaintiff may show itself justly entitled that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury of any issues so triable by right.

Dated: January 30, 2018

**COLLINS EDMONDS & SCHLATHER, PLLC**

By: */s/ John J. Edmonds*
JOHN J. EDMONDS
State Bar No. 274200

*Attorneys for Plaintiff,*
*CELLSPIN SOFT INC.*

Of counsel:

Shea N. Palavan (*pro hac vice* to be filed)
  spalavan@ip-lit.com
Brandon G. Moore (*pro hac vice*)
  bmoore@ip-lit.com
**COLLINS, EDMONDS & SCHLATHER, PLLC**
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-5291
Facsimile: (832) 415-2535